USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/10/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
  :
In re RESIDENTIAL CAPITAL, LLC,
  :
    Debtor.
  :
----------------------------------X
  :  14cv4950
RESCAP LIQUIDATING TRUST,
  :  MEMORANDUM & ORDER
    Plaintiff,
  :
    -against-
  :
CMG MORTGAGE, INC..,
  :
    Defendant.
----------------------------------X

WILLIAM H. PAULEY III, District Judge:

    Defendant CMG Mortgage moves to withdraw the reference to the bankruptcy court in this adversary action and transfer the case to the District of Minnesota. For the following reasons, those motions are granted.

## BACKGROUND

    Plaintiff Rescap Liquidating Trust is the successor to Residential Funding Corp., LLC (RFC).[1] RFC bought and securitized residential mortgage loans. Defendant CMG is one of several mortgage lenders who sold loans to RFC. Confounded by a surge of lawsuits regarding the quality of loans in its securitizations, RFC filed a Chapter 11 bankruptcy petition in May 2012. In December 2013, Bankruptcy Judge Glenn of the Southern District of New York

---

[1] For simplicity, this memorandum and order refers to Rescap as "RFC".

approved a settlement of RFC's residential mortgage-backed securities liabilities. CMG did not file a proof of claim in the RFC bankruptcy.

After the settlement, RFC brought at least 66 lawsuits in the District of Minnesota against various lenders it purchased loans from, alleging the loans breached the lenders' representations and warranties. RFC moved to transfer most of those suits to this district, where they would be referred to the bankruptcy court. After seven of these transfer motions were denied, RFC withdrew the rest of them. See Residential Funding Co. v. Cherry Creek Mortg. Co., 2014 WL 1686516, at *4-5 (D. Minn. April 29, 2014); Residential Funding Co. v. First Citizens Bank & Trust Co., 13-cv-03514-RHK-TNL (D. Minn. May 13, 2014) (ECF #33) (same order issued in five cases).[2] All of those suits remain pending in the District of Minnesota.

On May 13, 2014, RFC filed this adversary proceeding in the bankruptcy court, alleging solely state law claims for breach of contract and indemnification. The contract in question has a mandatory forum selection clause requiring suits be brought in Minnesota. CMG now moves to withdraw the reference and transfer this adversary proceeding to the District of Minnesota.

---

[2] Both in this District and in the District of Minnesota, RFC's cases have spawned many proceedings raising nearly identical issues before multiple judges. The Minnesota judges handled these with admirable efficiency. After District Judge Ericksen denied the transfer motion in Cherry Creek, District Judge Kyle stated that instead of engaging "in an affectation of research and a pretense of authorship and originality," he would simply adopt Judge Ericksen's reasoning and conclusions in the five cases before him. First Citizens Bank & Trust Co., 13-cv-03514-RHK-TNL, slip op. at 3 (internal quotation omitted).

DISCUSSION

I.  Motion to Withdraw the Reference

    a.  Legal Standard

A "district court may withdraw . . . any case or proceeding referred [to the bankruptcy court] on its own motion or on a timely motion of any party, for cause shown." 28 U.S.C. § 157(d). Bankruptcy judges may enter final judgments in "all core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b)(1). Final judgments in core proceedings are appealed to the district court. If a referred proceeding is not "core" but is "otherwise related to a case under title 11," the bankruptcy judge may only "submit proposed findings of fact and conclusions of law to the district court," and the district court enters final judgment after reviewing the proposals de novo. § 157(c)(1).

Before the Supreme Court's decision in Stern v. Marshall, 131 S. Ct. 2594 (2011), the Second Circuit held that "[a] district court considering whether to withdraw the reference should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1101 (2d Cir. 1993). "[O]nce a district court makes the core/non-core determination, it should weigh questions of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." Orion, 4 F.3d at 1101.

In Stern, the Supreme Court held that bankruptcy courts do not have the constitutional authority to enter final judgments in some cases that are designated by statute as "core." In determining whether a bankruptcy court may enter a final judgment in a particular matter, courts should consider (1) whether the claim involves a public or private right, (2)

whether the claim would be resolved in adjudicating a creditor's proof of claim, or (3) whether the parties consented to final adjudication by the bankruptcy court. Stern, 131 S. Ct. at 2608, 2614, 2617. Post-Stern, district courts faced with a motion to withdraw a reference to the bankruptcy court have considered, in addition to whether a claim is designated as "core" by statute, whether the bankruptcy court would have constitutional authority to enter a final judgment. See Dynegy Danskammer, L.L.C. v. Peabody COAL TRADE Int'l Ltd., 905 F. Supp. 2d 526, 532 (S.D.N.Y. 2012); Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP, 462 B.R. 457, 467 (S.D.N.Y. 2011).

      b.  Whether This Is a Core Proceeding

"A proceeding that involves rights created by bankruptcy law, or that could arise only in a bankruptcy case, is a core proceeding. . . . A claim is non-core if it 'does not depend on bankruptcy laws for its existence . . . and could proceed in a court that lacks federal bankruptcy jurisdiction.' Whether a contract action is a core proceeding or a non-core proceeding also requires consideration of '(1) whether the contract is antecedent to the reorganization petition; and (2) the degree to which the proceeding is independent of the reorganization.'" DeWitt Rehabilitation & Nursing Center, Inc. v. Columbia Cas. Co., 464 B.R. 587, 591 (S.D.N.Y. 2012).

This action involves only state law contract claims and does not invoke rights under the Bankruptcy Code. The contract at issue was executed prior to any bankruptcy filing. "Where a contract sued upon was formed prior to the bankruptcy petition, it will generally be highly unlikely that a proceeding based on that contract turns on the bankruptcy laws." Dev. Specialists, Inc. v. Peabody Energy Corp. (In re Coudert Bros.), 2011 WL 7678683, at *5 (S.D.N.Y. Nov. 23, 2011). CMG has not filed a proof of claim in the bankruptcy, and RFC could have filed this action in a court without bankruptcy jurisdiction. The fact that issues of

indemnification for creditors' claims may arise does not change the fact this is not a core claim. See In re Lenders Abstract & Settlement Serv., Inc., 493 B.R. 385, 394 (E.D.N.Y. 2013); DeWitt Rehabilitation; 464 B.R. at 591. In a well-reasoned decision, District Judge Hellerstein also concluded RFC's claims were not core in a similar case. Rescap Liquidating Trust v. RBC Mortgage Co., 14 Civ. 4457 (S.D.N.Y. July 18, 2014) (ECF #10).[3]

RFC argues a case involves core claims if it requires application and enforcement of a bankruptcy court's own orders. It is unclear to what extent this action would require application and enforcement of the bankruptcy court's orders, but regardless, the cases RFC cites in support of its argument do not relate to whether a case is core. Rather, they stand for the unremarkable proposition that "[a]ll courts retain the jurisdiction to interpret and enforce their own orders." In re Charter Commc'ns, 2010 WL 502764, at *4 (Bankr. S.D.N.Y. Feb. 8, 2010).

RFC also argues that this action is core because it concerns the administration of its estate and affects the liquidation of the estate's assets. The Second Circuit rejected exactly this argument in Orion, finding that "[a]ny contract action that the debtor would pursue against a defendant presumably would be expected to inure to the benefit of the debtor estate and thus 'concern[s]' its 'administration.'" Orion, 4 F.3d at 1102. This claim is akin to the counterclaim in Stern in that it is an action "at common law that simply attempts to augment the bankruptcy estate—the very type of claim that [the Supreme Court] held . . . must be decided by an Article III court." Stern, 131 S. Ct. at 2616.

---

[3] RFC cites District Judge Abrams's decision in a similar case referring the matter to the bankruptcy court. See Residential Funding Co. v. Suntrust Mortg., Inc., 13 Civ. 8938 (S.D.N.Y.) (ECF #42). But Judge Abrams only decided that case was "related to" the RFC bankruptcy. She did not decide whether the claims were core and stated it would be "premature" to consider the Orion factors.

c. <u>Judicial Efficiency</u>

Turning to the remaining <u>Orion</u> factors, it would be more efficient to litigate this action in a district court. While it is sometimes more efficient to proceed in the bankruptcy court even if it cannot enter final judgment, this case presents no issues of bankruptcy law and the bankruptcy court has no particular expertise in Minnesota contract law. RFC notes that by virtue of presiding over its bankruptcy, Judge Glenn of the bankruptcy court has extensive experience with factual and legal issues relating to defective loans and the types of breaches of representations and warranties at issue here. That may be true, but scores of similar RFC contract cases are pending before judges in the District of Minnesota. In denying RFC's motion to transfer one of those Minnesota actions, District Judge Ericksen noted that

> [a]lthough the representations and warranties that Cherry Creek Mortgage allegedly breached may be similar to or the same as those that form the basis of Residential Funding's claims against other correspondent lenders, resolution of Residential Funding's claims against Cherry Creek Mortgage will ultimately depend on the loans that Cherry Creek Mortgage sold to Residential Funding. The loan-level evaluation distinguishes this action from the others brought by Residential Funding, as well as the bankruptcy proceedings. The Court is not persuaded that the familiarity with Residential Funding acquired by the bankruptcy court is such that transfer of this action to the Southern District of New York is appropriate.

<u>Cherry Creek</u>, 2014 WL 1686516, at *4. In a case such as this one, it would be inefficient for the district court to review the bankruptcy court's findings <u>de novo</u>, substantially repeating its work and without the aid of any particular expertise of the bankruptcy court. See <u>Dynegy Danskammer</u>, 905 F. Supp. 2d at 532

d. <u>Prevention of Forum Shopping</u>

It is relevant to note that by filing adversary proceedings in the Southern District of New York, RFC flouted a mandatory forum selection clause requiring that this action be heard in Minnesota. RFC also filed these actions shortly after their efforts to transfer the Minnesota actions here were rebuffed by two different district judges in Minnesota. Withdrawing the reference permits this Court to transfer the action to the forum where it should have been brought.

e. <u>Conclusion</u>

The remaining <u>Orion</u> factors do not appreciably weigh for or against withdrawing the reference. There is no reason to believe that withdrawing the reference or refusing to do so would cause delays or costs to the parties. And the claims here are legal, not equitable, which can weigh in favor of withdrawing the referral in a non-core matter, because <u>de novo</u> review of a jury trial by the district court would violate the Reexamination Clause of the Seventh Amendment. <u>Orion</u>, 4 F.3d at 1101; <u>Coudert Bros.</u>, 2011 WL 7678683, at *5-6. However, neither side has made a jury demand.

Because this is a non-core proceeding and it would be more efficient to proceed in a district court, the motion to withdraw the reference to the bankruptcy court is granted. <u>See</u> <u>RBC Mortgage</u>, 14 Civ. 4457 (S.D.N.Y. July 18, 2014) (ECF #10) (withdrawing reference in similar case).

II. <u>Motion to Transfer</u>

The decision to transfer this case is simple. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other

district court or division where it might have been brought." 28 U.S.C. § 1404(a). There is no dispute this action could have been brought in Minnesota.

A valid forum-selection clause "represents the parties' agreement as to the most proper forum." Atl. Marine Const. Co. v. U.S. Dist. Court for the Western Dist. of Tex., 134 S. Ct. 568, 581 (2013) (internal quotation omitted). "[A] valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." Atl. Marine, 134 S. Ct. at 581 (alteration in original) (quotation omitted). When there is a forum selection clause, "the plaintiff's choice of forum merits no weight." Atl. Marine, 134 S. Ct. at 581. Instead, "the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." Atl. Marine, 134 S. Ct. at 581. And where there is a forum-selection clause, a court "should not consider arguments about the parties' private interests," as the parties have "waive[d] the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." Atl. Marine, 134 S. Ct. at 582. Therefore, "a district court may consider arguments about public-interest factors only," but "those factors will rarely defeat a transfer motion." Atl. Marine, 134 S. Ct. at 582.

RFC argues there are public interest factors weighing against transfer, but these "public interest factors" are the judicial efficiency arguments this Court has already rejected. There are no public factors here that weigh against a transfer. RFC notes this Court's decision in Statutory Committee of Unsecured Creditors v. Motorola, Inc. (In re Iridium Operating LLC), 285 B.R. 822 (S.D.N.Y. 2002), and others like it, which hold that "[a] debtor-in-possession or trustee . . . is not bound by a forum selection clause in an agreement provided the litigation at issue amounts to a core proceeding and is not inextricably intertwined with non-core matters." In re Iridium, 285 B.R. at 837 (quoting Official Comm. of Unsecured Creditors v. Transpacific

district court or division where it might have been brought." 28 U.S.C. § 1404(a). There is no dispute this action could have been brought in Minnesota.

A valid forum-selection clause "represents the parties' agreement as to the most proper forum." Atl. Marine Const. Co. v. U.S. Dist. Court for the Western Dist. of Tex., 134 S. Ct. 568, 581 (2013) (internal quotation omitted). "[A] valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." Atl. Marine, 134 S. Ct. at 581 (alteration in original) (quotation omitted). When there is a forum selection clause, "the plaintiff's choice of forum merits no weight." Atl. Marine, 134 S. Ct. at 581. Instead, "the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." Atl. Marine, 134 S. Ct. at 581. And where there is a forum-selection clause, a court "should not consider arguments about the parties' private interests," as the parties have "waive[d] the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." Atl. Marine, 134 S. Ct. at 582. Therefore, "a district court may consider arguments about public-interest factors only," but "those factors will rarely defeat a transfer motion." Atl. Marine, 134 S. Ct. at 582.

RFC argues there are public interest factors weighing against transfer, but these "public interest factors" are the judicial efficiency arguments this Court has already rejected. There are no public factors here that weigh against a transfer. RFC notes this Court's decision in Statutory Committee of Unsecured Creditors v. Motorola, Inc. (In re Iridium Operating LLC), 285 B.R. 822 (S.D.N.Y. 2002), and others like it, which hold that "[a] debtor-in-possession or trustee . . . is not bound by a forum selection clause in an agreement provided the litigation at issue amounts to a core proceeding and is not inextricably intertwined with non-core matters." In re Iridium, 285 B.R. at 837 (quoting Official Comm. of Unsecured Creditors v. Transpacific

Corp. Ltd. (In re Commodore Int'l Ltd.), 242 B.R. 243, 261 (Bankr. S.D.N.Y. 1999)). That, of course, is true. But this is not a core proceeding. The motion to transfer is therefore granted.

## CONCLUSION

CMG Mortgage's motions to withdraw the reference to the bankruptcy court and to transfer the case are granted. The Clerk of Court is directed to terminate all motions pending before this Court, to withdraw the reference to the bankruptcy court, and to transfer this case to the United States District Court for the District of Minnesota.

Dated: September 10, 2014
New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record:*

Isaac Nesser, Esq.
Alex J.B. Rossmiller, Esq.
John P. Sullivan, Esq.
Peter E. Calamari, Esq.
Quinn Emanuel Urquhart & Sullivan LLP
51 Madison Ave
New York, NY 10010
*Counsel for Plaintiff*

Greg Chambers, Esq.
James W. Brody, Esq.
American Mortgage Law Group, PC
75 Rowland Way, Suite 350
Novato, CA 94945

Richard J. Bernard, Esq.
Foley & Lardner, LLP
90 Park Avenue
New York, NY 10016
*Counsel for Defendant*